STEPHEN GLESS, ETC., *v.* ALLAN M. SNOOKS, ETC.

Contracts—Procurement by Fraud—General Rule as to Recovery on— Performance—Ratification.

As a general rule the guilty parties can take nothing under a contract procured to be made by and through their fraud. But if the contract be performed in whole or in part, and the other parties ratify and confirm it, by receiving and enjoying the money or property received under it, and by suit recover and collect in addition thereto such damages as they may have sustained by reason of the fraud of their adversaries, every principle of justice demands that the latter should have a right of action against them for at least that portion of the consideration actually paid.

Set-off and Counter-Claim—Set-off Complete Cause of Action and Need Not be Pleaded in an Action for Damages.

The agreed price of the hogs might have been pleaded as a set-off to Glenn's claim for damages, but as it constitutes a cause of action complete within itself, appellees were not bound to plead it.

APPEAL FROM SHELBY CIRCUIT COURT.

May 1, 1871.

OPINION BY JUDGE LINDSAY:

From an examination of the record in the case of *Glenn, etc.,
v. Snook, etc.*, it is evident that as to the 98 stock hogs sold and
delivered by the latter to the former, at the agreed price of
$719.50, such of them as did not die from cholera were received
by the present appellants and converted to their use and benefit,
and that in said action they recovered as part of their damages
the value of such of said hogs as did die.

In the petition they specifically claim damages on account of
the loss of a portion of said hogs, and when Snooks, etc., deny
all fraud, and all responsibility, they do not controvert the fact
that said 98 hogs were the property of appellants, nor that
they were entitled to recover for their loss, if entitled to recover
at all. The court instructed the jury to this effect, and it is
not to be presumed that the jury, after finding that Snook, etc.,
had perpetrated the fraud complained of, disobeyed the instruc-
tions of the court, and refused to find for damages that were
not controverted. The court below, therefore, did not err in
its peremptory instructions in favor of appellees, unless, first,
the fraud of appellees violated the contract to such an extent as
to prevent them from recovering anything upon any claim grow-
ing out of it, under any state of case; or, second, that the judg-
ment in the case of *Glenn v. Snooks, etc.*, is final and conclusive
as to all questions or claims growing out of or in any way con-
nected with said contract; or, third, unless the court erred in
refusing to let the appellants prove by jurors what matters were
intended to be settled by the verdict in said action. As a general
rule the guilty parties can take nothing under a contract pro-
cured to be made by and through their fraud. But if the contract
be performed in whole or in part, and the other parties ratify
and confirm it, by receiving and enjoying the money or property
received under it, and thus by suit recover and collect in addi-
tion thereto such damages as they may have sustained by reason
of the fraud of their adversaries. Every principle of justice
demands that the latter should have a right of action against

them for at least that portion of the consideration actually paid. Int his case the defrauded parties retained and converted to their own use such of the stock hogs as did not die, and recovered in their action for the value of such as did die, as well as for all other damages sustained by them in consequence of their fraud complained of, and now to permit them to refuse to pay the appellees the agreed value of said stock hogs would be to assist them in perpetrating a fraud upon their vendors, who, however guilty they may have been, have been compelled to atone fully for their fraudulent conduct. We do not regard the judgment in the case of *Glenn, etc., v. Snooks, etc.,* as a bar to this action. It is true the agreed price for the stock hogs might have been plead as a set-off to Glenn's claim for damages, but as it constitutes a cause of action complete within itself, appellees were not under the Code of Practice bound to plead it, and as they did not do so, they have the right to recover on the same in this action. We do not deem it necessary to decide whether or not it was admissible to show by jurors what matters were settled by the verdict in the case of *Glenn v. Snooks.* The bill of exceptions does not show what the jurors would have sworn had they been allowed to testify, but only what that evidence would have conduced to establish. A mere conclusion of law, of the correctness of which this court has no means of determining. We perceive no available error in the record.

Judgment *affirmed.*

*Lindseys, Bullock & Davis,* for appellants.

*Harwood,* for appellees.